**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JENNIFER HOPELAIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIEMENS CORPORATION AND )<br>SIEMENS INDUSTRY, INC., )<br>)<br>**Served Registered Agent:** )<br>    The Corporation Trust Company )<br>    Corporation Trust Center )<br>    1209 Orange Street )<br>    Wilmington, Delaware 19801 )<br>)<br>Defendants. ) | Case No.: |

## COMPLAINT

COMES NOW Plaintiff Jennifer Hopelain, by and through counsel, and for her causes of action against Defendants Siemens Corporation and Siemens Industry, Inc., for age, sex and/or disability discrimination, retaliation and FMLA interference and retaliation, states and alleges as follows:

## PARTIES

1.      Plaintiff Jennifer Hopelain is an individual residing at 7020 W. 124th Street, #2016, Overland Park, Kansas 66209 and she was employed as a Senior Account Executive by Defendants beginning on or about December 9, 2015 and continuing until her termination on or about May 3, 2019.  Plaintiff was born in 1966 and is presently 54 years old.

2.      At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 630(f).

3.      Defendant Siemens Corporation, a Delaware corporation, engineers electronic and electrical products and serves the industry, energy, and healthcare sectors the United States, and is authorized to do business in the state of Kansas.

4.      Defendant Siemens Industry, Inc., a Delaware corporation, provides engineering and technological solutions and serves customers worldwide, and is authorized to do business in the state of Kansas.

5.      At all relevant times, Defendants were "employers" within the meaning of 29 U.S.C. § 630(b), in that they engaged in industry affecting commerce and have employed more than the requisite number of persons for the requisite duration under the referenced statutes.

6.      Plaintiff brings these claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

7.      All of the acts, conduct and omissions of Defendants were performed by their agents, representatives and employees while in the course and scope of their agency or employment.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the

Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

9.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District including the unlawful employment practices set forth herein that are alleged to have been committed in this District by Defendants.

## FACTUAL ALLEGATIONS

10.     Plaintiff was employed as a Senior Account Executive by Defendants beginning on or about December 9, 2015 and continuing until her wrongful termination on or about May 3, 2019.

11.     At all times herein mentioned, Plaintiff was an "employee" of Defendants within the meaning of the ADEA, the ADAAA, Title VII, and the FMLA, and is entitled to all the benefits and protections of those Acts.

12.     Throughout her employment with Defendants, Plaintiff was subject to the control of Defendants as to the means and manner of accomplishing her work as an employee.

13.     Defendants individually and/or jointly were "employer(s)" of Plaintiff within the meaning of the ADEA, the ADAAA, Title VII, and the FMLA.

14.     Alternatively, Defendants operated collectively as a single integrated enterprise as the employer of Plaintiff.

15.     Defendants are engaged in an industry affecting commerce and they have individually and/or jointly employed 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

3

16.     Throughout her employment with the Defendants, Plaintiff was subject to the control of the Defendants as to the means and manner of accomplishing her work as an employee of Defendants.

17.     Plaintiff was wrongfully terminated by Defendants on May 3, 2019.

18.     Throughout her almost three (3) years of employment with Defendants, Plaintiff performed all duties of her job as required, received good reviews and praise for her work.

19.     Plaintiff is a 54-year-old female and she suffers from diagnosed medical conditions including anxiety and the associated symptoms with this disorder that qualify for protection as disabilities under the ADAAA, and/or as serious health conditions entitling her to leave benefits and other protections under the FMLA.

20.     Despite her medical conditions, Plaintiff was able to perform the essential functions of her position with Defendants, either with or without reasonable accommodations.

21.     Prior to and including her wrongful termination, Plaintiff experienced a hostile, discriminatory and retaliatory work environment including a pattern and practice of disparate treatment in the terms and conditions of her employment based on age, gender, and/or disability, and/or FMLA interference or retaliation by the Defendants and its managers and employees including, but not limited to unfounded discipline, interference with medical leave rights, and retaliation for engaging in protected activity against illegal discrimination.

22.     These adverse actions were taken without any legitimate reason and in violation of the law and less-qualified, substantially younger, male, non-disabled, and/or employees who had not requested accommodations or medical leave, and/or those who had not complained about or reported discrimination or retaliation, or participated in investigations of discrimination or retaliation were treated more favorably.

23.    Beginning shortly after becoming Plaintiff's general manager, Bart Jacobson, a white male younger than Plaintiff, began to treat Plaintiff differently from the other five employees on her team who were all male.

24.    Mr. Jacobson would speak to Plaintiff in a very condescending tone and roll his eyes when she asked a question.

25.    Mr. Jacobson made a comment that he had different expectations for Plaintiff than the rest of the team.  Plaintiff was required to make more potential sales contacts and keep longer office hours than her male counterparts, who were also given more flexibility.

26.    Mr. Jacobson was not receptive to having the same conversations with Plaintiff that he had with the rest of the team, and praised male coworkers for certain things, but would chide Plaintiff for doing the same thing.

27.    Plaintiff believed that she was being set up for failure when she was never provided a technician to assist her after she began to focus on a new business, Mechanical Services, in October 2017.

28.    Plaintiff's projects were given away to the male employees, and new clients were assigned to a male coworker.

29.    On April 18, 2018, Plaintiff was given a "written expectations document" that was essentially a coaching plan even though her sales numbers were better than several other account executives.

30.    Plaintiff contacted HR and provided a lengthy outline describing how Mr. Jacobson had been discriminating against her by treating her differently from the rest of the team of male and mostly younger employees, who were not disabled.

31.     At the end of December 2018, Plaintiff was told she had not met Mr. Jacobson's expectations.

32.     On February 8, 2019, Mr. Jacobson placed Plaintiff on a false, discriminatory, and pretextual Performance Improvement Plan ("PIP") with unrealistic and impossible expectations that included goals that were impossible to meet by the May 8, 2019 deadline.

33.     Other male employees on Plaintiff's team had lower sales and they were not placed on PIPs.

34.     Plaintiff complained on numerous occasions beginning in February to HR and Mr. Jacobson's manager that the PIP was discriminatory, retaliatory, and unrealistic, including on April 24, 2019, nine days prior to her illegal termination.

35.     Due to symptoms associated with generalized anxiety, Plaintiff had been prescribed anxiety medication due to Mr. Jacobson's treatment.

36.     In or around late March 2018, Plaintiff told someone in HR that she was taking medication and seeing a therapist because of Mr. Jacobson.

37.     After being placed on the PIP, Plaintiff would be chastised for having to attend personal appointments even though she followed the accepted procedure that everyone followed.

38.     Plaintiff was told by Mr. Jacobson that she needed to schedule medical appointments before work and would not approve Plaintiff's time sheets, making her the only member of the team required to take PTO for appointments.

39.     Because of her increased anxiety, Plaintiff made a request to Joe Zydorowicz, the Vice President – Midwest Zone and Mr. Jacobson's supervisor, and Andrea Janecek, the HR Business Partner, that she be given a different supervisor.

40.     On May 3, 2019, Plaintiff was scheduled to attend a meeting with Mr. Jacobson to discuss the training modules.  When she arrived, Plaintiff was terminated for not meeting the criteria of the PIP without being allowed the full time allotted to complete it, and within mere weeks of making continued complaints of discrimination and retaliation, and mere days after requesting FMLA leave status.

41.     The true reasons for the discriminatory and retaliatory employment actions of Defendants against Plaintiff, including but not limited to those adverse actions set forth above, include a pattern and practice of disparate treatment in the terms and conditions of her employment based on age, gender, and/or disability, FMLA interference and/or retaliation by the Defendants and its managers and employees including, but not limited to unfounded discipline, interference with medical leave rights, and retaliation for engaging in protected activity by complaining to HR and her managers about the illegal discriminatory and retaliatory treatment she experienced.

42.     On July 26, 2019, Plaintiff filed a timely charge alleging age, gender and disability discrimination, and retaliation and FMLA violations against Defendants with the Equal Employment Opportunity Commission ("EEOC").  (Attached as **Exhibit A**.)

43.     On or about March 16, 2020, the EEOC mailed a Notice of Right to Sue to Plaintiff.  (Attached as **Exhibit B.**)

44.     This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

45.     Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – AGE DISCRIMINATION (ADEA)

46.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 45 above.

47.     Plaintiff's age was a determining factor in Defendants' intentional decision to discriminate against her in the terms and conditions of her employment, including, but not limited to, by subjecting her to a hostile work environment, discriminatory comments and actions, false performance criticisms, wrongful termination for false, pretextual reasons, and/or Defendants' other disparate treatment of the terms and conditions of Plaintiff's employment with Defendant.

48.     Defendants subjected Plaintiff to illegal age-biased actions, as set forth above and herein, and by terminating Plaintiff's employment based on false, pre-textual reasons.

49.     The Defendants manifested their illegal age bias through age biased comments and actions, and including but not limited to adverse job actions including false performance criticisms, and by their termination of Plaintiff for false alleged reasons, while similarly situated, substantially younger employees were treated more favorably and not subjected to the same type of hostile and discriminatory comments and actions, false performance criticisms.

50.     Defendants knew, or should have known, of the age discrimination against their employees, including Plaintiff.

51.     Defendants failed to take prompt and appropriate corrective action to end the age discrimination against their employees, including Plaintiff.

52.     Defendants failed to make good faith efforts to enforce their policies to prevent age discrimination against their employees, including Plaintiff.

53.     Defendants conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

54.     As a direct result of Defendants' illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly and severally, on Count I, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (ADEA)

55.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 54 above.

56.     Plaintiff had a good faith, reasonable belief that she was being subjected to unlawful employment practices including disparate treatment by Defendants in the terms and conditions of her employment compared with similarly situated, substantially younger employees, and she reported the same to Defendants.

57.     Defendants retaliated against Plaintiff because of her opposition to unlawful discriminatory employment practices including but not limited to by subjecting her to age biased comments and actions, and subjecting her to adverse job actions including a discriminatory and

hostile work environment, false performance criticisms, and by their wrongful termination of Plaintiff for false, pre-textual reasons.

58.     Plaintiff's opposition to unlawful discriminatory employment practices was a determining factor in Defendants' decision to subject her to adverse employment actions including the adverse actions described herein and including the termination of her employment.

59.     Defendants' conduct was willful and/or outrageous as they intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of punitive damages.

60.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly and severally, on Count II, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT III – SEX DISCRIMINATION (TITLE VII)

61.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 60 above.

62.     Plaintiff's sex was a motivating factor in the Defendants intentional decision to discriminate against her in the terms and conditions of her employment, including but not limited

to subjecting her to adverse job actions by subjecting including a hostile work environment, discriminatory comments and actions, including false performance criticisms, and by their termination of Plaintiff for false, pre-textual reasons.

63.     The Defendants have a pattern and practice of sex discrimination including as set forth previously herein against Plaintiff and similarly situated female employees.

64.     The discriminatory actions of the Defendants detrimentally affected Plaintiff in the terms and conditions of her employment with the Defendants.

65.     Plaintiff complained about these discriminatory actions to Defendants' management and demanded that the discrimination cease.

66.     Defendants knew, or should have known, of the sex discrimination against their employees, including Plaintiff

67.     Defendants failed to take prompt and appropriate corrective action to end the sex discrimination against their employees, including Plaintiff.

68.     Defendants failed to make good faith efforts to enforce their policies to prevent sex discrimination against their employees, including Plaintiff.

69.     Defendants conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII, and is sufficiently culpable to warrant an award of punitive damages.

70.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly

and severally, on Count III, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

### COUNT IV – RETALIATION (TITLE VII)

71.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 70 above.

72.     Plaintiff had a good faith, reasonable belief that Defendants were engaging in unlawful employment practices by subjecting her to sex biased comments, and adverse job actions including a discriminatory and hostile work environment, false performance criticisms and targeting her for termination for false, pre-textural reasons, including violations of laws prohibiting sex discrimination, and she reported her concern and opposition to these unlawful practices to Defendants.

73.     The Defendants retaliated against Plaintiff because of her opposition to unlawful employment practices including by subjecting her to false performance criticisms and terminated her employment for false, pre-textual reasons.

74.     Plaintiff's opposition to the Defendants' unlawful employment practices, was a motivating factor in the Defendants' decision to retaliate against her in the terms and conditions of her employment.

75.     Defendants' conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under Title VII, and is sufficient therefore to warrant an award of punitive damages.

76.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendants, jointly and severally, on Count IV, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT V – DISABILITY DISCRIMINATION

77.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 76 above.

78.     The Defendants intentionally discriminated against Plaintiff on the basis of her disability, her record of disability, or because they regarded her as disabled in the terms and conditions of her employment, including but not limited to, by refusing to provide reasonable accommodations for her disability, by subjecting her to disability biased comments and actions, and including but not limited to, by subjecting her to adverse job actions including a

discriminatory and hostile work environment, false performance criticisms, and by their termination of Plaintiff for false pre-textual reasons.

79.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of that terms as utilized in the ADAAA, either as an individual with anxiety and the associated symptoms with this disorder that qualify for protection as disabilities under the ADAAA, and who can perform all of the essential functions of her job with or without accommodations, or because she has a record of such an impairment, or because Defendants regarded her as having such an impairment.

80.     The Defendants discriminated against Plaintiff on the basis of her disability by (a) not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability; (b) forcing the termination of an employee who is an otherwise qualified individual with a disability; (c) subjecting a qualified individual with a disability to different terms, conditions and privileges of employment than the terms and conditions and privileges available to non-disabled employees; and (d) refusing to accommodate and otherwise interfering with an individual in her exercise of rights under federal law prohibiting discrimination on the basis of a qualified disability, thereby violating the ADAAA.

81.     Defendants' illegal treatment of Plaintiff as set forth above and herein was motivated by an actual or perceived impairment related to actual or potential generalized symptoms of anxiety, a condition requiring medical treatment.

82.     Plaintiff was able to perform the essential functions of her position as Senior Account Executive with Defendants throughout her employment and at the time of her termination, either with or without reasonable accommodations.

83.     Defendants' beliefs regarding Plaintiff's actual or potential generalized symptoms of anxiety requiring medical treatment was a motivating factor in Defendants' adverse treatment of Plaintiff as set for above and herein, including Defendants' decision to terminate her employment.

84.     Defendants were aware of Plaintiff's medical impairments.

85.     Defendants failed to take prompt and appropriate corrective action to end the discrimination against Plaintiff.

86.     Defendants failed to make good faith efforts to enforce their policies to provide any reasonable accommodations to address Plaintiff's medical impairments, assuming such impairments qualify as disabilities under the ADAAA.

87.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

88.     The Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish the Defendants and to deter the Defendants from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendants, jointly and severally, on Count V, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits,

punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT VI – RETALIATION (UNDER ADAAA)

89.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 88 above.

90.     Plaintiff had a good faith, reasonable belief that Defendants were engaging in unlawful employment practices that are prohibited under the ADAAA, including disparate treatment by Defendants in the terms and conditions of her employment compared with similarly situated, non-disabled employees, and she reported her opposition to these unlawful practices to the Defendants and advised Defendants of her disabling condition and need for accommodations as set forth herein.

91.     Defendants retaliated against Plaintiff in the terms and conditions of her employment because of her opposition to unlawful employment practices and/or because of her protected actions in requesting reasonable accommodations for a qualified disability, including, but not limited to, disability biased comments and actions, and by subjecting her to adverse job actions including a discriminatory and hostile work environment, false performance criticisms, and by their termination of Plaintiff for false pre-textual reasons.

92.     Plaintiff's opposition to the Defendants' unlawful employment practices, and/or requests for accommodation, were motivating factors in the Defendants' decision to retaliate against her in the terms and conditions of her employment.

93.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

94.    Defendants failed to make good faith efforts to enforce policies to prevent discrimination and retaliation against their employees, including Plaintiff.

95.    Defendants' retaliatory conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADAAA, thus justifying an award of punitive damages in an amount sufficient to punish the Defendants and to deter them from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendants, jointly and severally, on Count VI, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## <u>COUNT VII – INTERFERENCE WITH FMLA RIGHTS</u>

96.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 95 above.

97.    Plaintiff engaged in a protected activity by notifying Defendants of her qualifying conditions and/or requesting Defendants provide her medical leave under the Family Medical Leave Act for her serious medical conditions including anxiety and the associated symptoms with this disorder.

98.     Plaintiff in good faith attempted to exercise her rights with Defendants under the FMLA due to her own health conditions.

99.     Defendants interfered with Plaintiff's ongoing request for the use of FMLA leave time or rights, including but not limited to, by discouraging, denying or limiting her medical leave, by subjecting her to hostile and biased comments, actions, and working environment, and including but not limited to, by subjecting her to adverse job actions including false performance criticisms, and by their termination of Plaintiff for false, pre-textual reasons.

100.    Plaintiff's exercise of rights under the FMLA was a motivating factor in Defendants' decision to subject her to the adverse job actions set forth herein, including but not limited to the termination of Plaintiff's employment.

101.    Defendants' actions were willful, outrageous and done with reckless indifference to Plaintiff's rights under the FMLA.

102.    Defendants failed to make good faith efforts to enforce their policies to provide FMLA rights and benefits to their employees, including Plaintiff, and to prevent against interference with employees' legal rights under the FMLA, including the rights of Plaintiff.

103.    As a direct and proximate result of Defendants' illegal actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly and severally, on Count VII, and requests an award of her actual damages, including but not limited to her lost wages and benefits and other monetary damages, with interest, through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of

enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT VIII – FMLA RETALIATION

104.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 103 above.

105.    Plaintiff engaged in a protected activity by notifying Defendants of her qualifying conditions and/or requesting Defendants provide her medical leave under the Family Medical Leave Act for her serious medical conditions including anxiety and the associated symptoms with this disorder.

106.    Plaintiff in good faith attempted to exercise her rights with Defendants under the FMLA due to her own health conditions.

107.    Defendants retaliated against Plaintiff in the terms and conditions of her employment because of her requests to utilize FMLA leave time, including but not limited to, by discouraging, denying or limiting her medical leave, by subjecting her to hostile and biased comments, actions, and working environment, and including but not limited to, by subjecting her to adverse job actions including false performance criticisms, and by their termination of Plaintiff for false, pre-textual reasons.

108.    Plaintiff's exercise of rights under the FMLA was a motivating factor in Defendants' decision to subject her to the adverse job actions set forth herein, including but not limited to the termination of Plaintiff's employment.

109.    Defendants' actions were willful, outrageous and done with reckless indifference to Plaintiff's rights under the FMLA.

110.    Defendants failed to make good faith efforts to enforce policies to prevent retaliation against employees or interference with employees' legal rights under the FMLA, including the rights of Plaintiff.

111.    As a direct and proximate result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly and severally, on Count VIII, and requests an award of her actual damages, including but not limited to her lost wages and benefits and other monetary damages, with interest, through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By  /s/ Raymond A. Dake
    Raymond A. Dake        KS FED #78448
    Eric W. Smith             KS #16539
    Rik N. Siro               KS FED #77812
    Athena M. Dickson       KS #21533
    Ryan P. McEnaney      KS FED #78827
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    esmith@sirosmithdickson.com (email)
    rsiro@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**